## Ott v. Perkiomen Township Board of Adjustment

*Louis Sager*, for appellant.
*Joseph F. Keener*, for appellee.

HONEYMAN, J., May 5, 1965.—These are appeals from the decisions of the Perkiomen Township Board of Adjustment affirming the action of the building inspector in refusing to issue the appellants their requested building permits. Because the essential facts and issues in both cases are identical, they have been consolidated for the purposes of argument before the court en banc and this opinion.

The facts are as follows: In both cases, property owners of "A-1" residential ground applied for building permits to erect single family dwellings of the type commonly referred to as a mobile home or trailer. In each instance, the property already contains a single dwelling. Both applicants suggest that members of their family, in one case a daughter and her family, and in the other instance a son and his family, would occupy the mobile homes. After a public hearing on August 20, 1964, the board of adjustment affirmed the decisions of the building inspector, and these appeals followed. The board's decisions were based, in each instance, on the procedural ground that the applicants had failed to comply with the requirements of the subdivision ordinance of Perkiomen Township. The decisions further concluded that, under the facts in these cases, adherence to the relevant sections of the subdivision ordinance is a definite prerequisite to the aplication for building permits.

The issue raised by these appeals is whether a land owner who wishes to erect a second dwelling on his premises is subject to the provisions of the Perkiomen Township Subdivision Ordinance of 1959. Appellants contend they are merely dividing one lot into two. In doing this, they claim they abided by the Perkiomen Subdivision Ordinance. A close look at the ordinance and the case law on this subject shows that the board of adjustment properly denied appellants' appeals to overrule the building inspector's decisions.

A division of one property into two properties is clearly a subdivision. The Second Class Township Act of May 1, 1933, P. L. 103, as amended by the Act of May 24, 1951, P. L. 370, sec. 16, 53 PS §66254, provides:

"Subdivision may be defined as the division of a single lot, tract or parcel of land, or a part thereof, into two or more lots, tracts or parcels of land, including changes in street lines or lot lines, for the purpose, whether immediate or future, of transfer of ownership or of building development: Provided, however, That divisions of land for agricultural purposes in parcels of more than ten acres, not involving any new street or easement of access, shall be exempted".

The Perkiomen Township Subdivision Ordinance of 1959 was taken directly from the foregoing enabling act, and provides:

". . . Subdivision is the division of a single lot, tract, or parcel of land, into two or more lots, tracts, or parcels of land, including changes in street lines or lot lines for the purpose, whether immediate or future, of transfer of ownership or of building development. Divisions of land for agricultural purposes in parcels of more than ten acres, not involving any new street or easement of access, shall be exempted."

Furthermore, the subdivision ordinance clarifies the provisions of the Second Class Township Code concerning the division of one lot into two by providing in section 3(b):

"(b) Sale of lots, issuance of building permits, or erection of buildings. No lot in a subdivision may be sold, no permit to erect, alter, or repair any building upon land in a subdivision may be issued, and no building may be erected in a subdivision, unless and until a subdivision plan has been approved, . . ."

Since the township code and the local subdivision ordinance provide that the division of one lot into two

is a subdivision, it is necessary to see if appellants will be subdividing their property when they place the mobile homes on their pieces of land. Section 301(1) of the township zoning ordinance limits the use of a lot in an "A-1" residential district to single-family dwellings, as well as a few other nonresidential uses. Multiple family dwelling uses are limited to commercial districts. The evidence produced by appellants at the hearing disclosed that in each case the trailers would be operated as separate households. Rent was to be paid, leases were to exist, and the mobile homes were to have separate utilities. The zoning ordinance does not provide that a lot may be used for more than one dwelling. Therefore, the applications to the building inspector by each of the appellants either were tantamount to an application for subdivision approval, or were applications clearly at variance from the express and clear mandate of the zoning ordinance: i.e., one dwelling on one lot in a residential district. In the latter event, the building inspector acted lawfully and properly in his refusal of a permit. Appellants did not apply for variances; nor would they have any tenable basis on which to rely in that regard. Therefore, we must treat their applications as ones for subdivision approval.

Appellants cite the case of Beattie v. Lower Moreland Township, 76 Montg. 632 (1960), as standing for the principle that in dividing one lot into two, there is no requirement to abide by a subdivision ordinance, if to do so unnecessary hardship will result therefrom. However, that case is markedly different from those before the court. In the Beattie case, the subdivision plan was refused because the property owner would not agree to certain provisions contained in the subdivision ordinance. Otherwise, they followed all the prerequisite procedures provided in the ordinance. Under the facts, this court, speaking through

Groshens, J., held that to require a subdivider, dividing one lot into two, to install paving, curbs and sidewalks would be an unconstitutional taking of property without just compensation. Appellants herein do not allege that they are being compelled to give up property as in the Beattie case, supra. They also do not allege that they have made any effort to abide by the provisions of the subdivision ordinance, as was done by the property owner in the Beattie case. For these reasons the Beattie decision is not controlling in the present factual situation, as well as being easily distinguished on its facts.

The procedural requirements of the Perkiomen Subdivision Ordinance were not followed in the present appeals. In fact, appellants have made no effort to avail themselves of the subdivision procedures, other than an allegation in appellants' brief that they verbally requested subdivision approval at the hearing before the board of adjustment, which has no power or authority in the field of subdivision control. Should appellants feel that they will be treated unfairly if they are required to follow the subdivision ordinance literally, they can refer to section 3 (b) of the Subdivision Ordinance. It provides:

". . . Where, owing to special conditions, a literal enforcement of this requirement would result in unnecessary hardship, such reasonable exceptions thereto may be made as will not be contrary to the public interest, and the sale of a lot, issuance of a permit, or erection of a building may be permitted subject to conditions necessary to assure adequate streets and other public improvements".

These exceptions may be allowed, upon request, by the Board of Supervisors of Perkiomen Township, not by the township board of adjustment. Such a request has not been made by appellants, and they have no standing to appeal the board of adjustment's refusal

to grant a building permit when they fail to avail themselves of the very procedures provided by the township to safeguard residents of Perkiomen Township. For this reason, the decisions of the Perkiomen Township Board of Adjustment are sustained.

ORDER

AND NOW, May 5, 1965, the decisions of the Perkiomen Township Board of Adjustment are affirmed.